UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS BUDRIS, on behalf of himself and all others similarly situated, | : | Civil Action No. CV17-1450 |
| Plaintiff, | : : : | |
| vs. | : : | |
| FCA US LLC, | : : | August 28, 2017 |
| Defendant. | : | |

## NOTICE OF REMOVAL

Defendant FCA US LLC, pursuant to 28 U.S.C. §§ 1441 and 1446, removes this case to this Court. As set forth below, this Court has jurisdiction under 28 U.S.C. § 1332(a).

### I. BACKGROUND

1.  On or about August 1, 2017, Nicholas Budris, through counsel, drafted a "Class Action Complaint" returnable to the Connecticut Superior Court, Judicial District of Waterbury, known as *Nicholas Budris v. FCA US LLC* (the "Complaint"). The Complaint has not been returned to court, and no docket exists regarding this matter.

2.  On August 7, 2017, FCA US was served with a copy of a summons and the Complaint via its registered agent. A copy of the summons and Complaint served on FCA US are attached hereto as Exhibit A. No other pleadings, documents, or papers have been served.

### II. ALLEGATIONS IN THE COMPLAINT

3.  Plaintiff, who resides in Oakville, Connecticut, purchased a new model-year 2016 Dodge Challenger vehicle in May 2014, for the price of $43,865. *See* Comp., ¶¶ 3, 14, 18. He alleges that the Monroney label (*i.e.*, "window sticker") attached to the vehicle states that it had a "Variable Suspension," but was not equipped with such a suspension. *Id.* at ¶¶ 16-17.

4.  Based on these allegations, Plaintiff seeks to represent all individuals who purchased or leased a "new or demonstrator Dodge vehicle" at a "Dodge dealership located in Connecticut" during the three years prior to the time that he filed his lawsuit, whose vehicles had a Monroney label listing "equipment or features such as the Variable Suspension that was not present." *Id.* at ¶ 23.

5.  Plaintiff seeks punitive damages (*id.* at ¶ 35), attorneys' fees (*id.*), pre- and post-judgment interest (*id.* at p. 9), plus, at his option, injunction relief compelling return of "the full price paid" for his vehicle "together with all fees and taxes" (*id.* at ¶ 36), or "actual damages and consequential damages" (*id.* at ¶ 34).

6.  Plaintiff pleads claims for: breach of express warranty (Count I); and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* ("CUTPA"). *See* Comp., ¶¶ 31-36.

### III. GROUNDS FOR REMOVAL

7.  This Court has jurisdiction of this case under 28 U.S.C. § 1332(a), under which district courts have original jurisdiction of civil actions where the parties are of diverse citizenship and the value of the claims pleaded exceeds $75,000.

8.  Complete diversity exists here because Plaintiff is a citizen of Connecticut, and FCA US is a citizen of the Netherlands and the United Kingdom.[1]

---

[1] FCA US is a Delaware limited liability company. FCA US's only member is FCA North America Holdings LLC. FCA North American Holdings is a Delaware limited liability company whose sole member is Fiat Chrysler Automobiles, N.V. which is a publically-traded corporation organized and existing under the laws of the Netherlands with its principal place of business in London. FCA US is therefore a citizen of the Netherlands and the United Kingdom for the purposes of determining whether federal diversity jurisdiction exists.

9. There is a reasonable probability that the amount in controversy in this case exceeds $75,000. Plaintiff seeks a refund of the full purchase price of his vehicle in the amount of $43,865. In addition, he seeks punitive damages and attorneys' fees, which must be added to this to determine the amount in controversy. It is well-recognized that under the CUTPA "courts generally award punitive damages in amounts equal to actual damages or multiples of actual damages." *Advanced Financial Services, Inc. v. Associated Appraisal Services, Inc.*, 830 A.2d 240, 250 (Conn. App. 2003); *see also Carbone v. First NLC Financial Services, LLC*, 2010 WL 1782026, **3-4 (D. Conn. 2010) (recognizing that punitive damages under CUTPA can be equal to, or greater than, actual damages, and awarding $5,000 in punitive damages where actual damage award was $7,212.48). Adding an equal amount of punitive damages to Plaintiff's claimed compensatory damages exceeds this Court's jurisdictional threshold, not even considering the value of his attorney fee claim.

## IV. REMOVAL IS PROPER AND TIMELY

10. This Notice of Removal is filed within thirty days of August 7, 2017, the date on which FCA US was served with a summons and a copy of the Complaint. Thus, it is timely filed.

11. The United States District Court for the District of Connecticut embraces the county and court in which Plaintiff filed this case. *See* 28 U.S.C. § 86. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

Based on the above-stated facts, this action is now removed to the United States District Court for the District of Connecticut.

Dated: August 28, 2017

Respectfully Submitted,

**CARMODY TORRANCE SANDAK & HENNESSY, LLP**

By: */s/ Maureen Danehy Cox* (ct05499)
Maureen Danehy Cox
MDanehyCox@carmodylaw.com
50 Leavenworth Street
Waterbury, Connecticut 06721-1110
T: 203.573.1200
F: 203.575.2600


**THOMPSON COBURN LLP**
Kathy Wisniewski (to be admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen D'Aunoy (to be admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
One US Bank Plaza
St. Louis, Missouri 63101
T: 314-552-6000
F: 314-552-7000

*Attorneys for Defendant FCA US LLC*


## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of August, 2017, a copy of the foregoing Notice of Removal was electronically filed with the Court using the CM/ECF system and was served by electronic and first class mail on:

Daniel S. Blinn
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067

*Counsel for Plaintiffs*


/s/ *Maureen Danehy Cox* (ct05499)
Maureen Danehy Cox